UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MONICA ROSANA COSTELLO,

      Plaintiff,

v.

Case No.:  6:26-cv-00750-GAP-NWH

SECRETARY MARKWAYNE
MULLIN, SECRETARY, U.S.
DEPARTMENT OF HOMELAND
SECURITY; AND FIELD OFFICE
DIR. GARRETT RIPA, FIELD
OFFICE DIR., U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT;

      Defendants,

_____/

**ORDER**

This matter came before the Court on Petitioner Monica Rosana Costello's ("Petitioner's") Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order.[1] Doc. 1; Doc. 2. The Court has also considered the Government's Response in Opposition. Doc. 5.

**I.     Background**

Petitioner is a native and citizen of Argentina who arrived in the United

---

[1] Counsel for Petitioner neglected to include "Emergency" in the title of her Motion, but given that Petitioner's plane to Argentina is scheduled to depart in less than two hours, the Court considers this matter an emergency. *See* Doc. 1-11; Local Rule 1.09.

States through the Visa Waiver Pilot Program ("VWPP") on September 29, 2001. Doc. 1, ¶¶ 4, 14. After entry her admission was permitted under the VWPP program for 90 days, or until December 28, 2001. *Id.*, ¶ 15. Petitioner's I-94W explicitly provided that her entry under the VWPP was restricted to 90 days and after that period she would be "subject to deportation." *Id.*, ¶ 16.

However, Petitioner remained in the United States beyond the 90 days allowed under the VWPP and eventually gave birth to her daughter, Rachael Brianna Velez ("Rachael") on December 8, 2023. *Id.*, ¶¶ 17-19. Rachael, who acquired U.S. citizenship by birth, suffers from several significant medical conditions including Down Syndrome, Autistic Disorder, and others. *Id.*, ¶¶ 20-21. As a result of her medical conditions, Rachael requires full-time assistance to help manage her day-to-day needs. *Id.*, ¶¶ 22-23.

At some point after Rachael's birth, administrative removal proceedings were initiated against Petitioner and then allegedly withdrawn on December 4, 2013. *Id.*, ¶ 27. The record is unclear, but some time after this event Petitioner alleges that she was put on an Order of Supervision ("OSUP") and continued reporting to ICE's Office of Enforcement and Removal Operations ("ERO") up until the present. *Id.*, ¶¶ 29-31.

On February 10, 2026, Petitioner was provided a Form G-56 which required her to report to the ERO in Orlando on February 23, 2026 to "present tickets to

depart the US on or about April 7, 2026." *Id.*, ¶ 32. "Petitioner notes that she is currently fitted with a GPS ankle monitor," which the Government avers was applied to her on February 10, 2026. *Id.*, ¶ 53; Doc. 2, ¶ 28; Doc. 5 at 2, n.1.

## II.   Legal Standard

Congress granted federal courts the authority to determine whether a prisoner "is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 "applies to persons held in custody under or by color of the authority of the United States." *Munaf v. Green*, 553 U.S. 674, 686 (2008) (internal quotations and citations omitted). "An individual is held 'in custody' by the United States when the United States official charged with his detention has the 'power to produce' him." *Id.* The statute is clear that "actual custody by the United States suffices for jurisdiction." *Id.*

## III.   Analysis

Here, as the Government has recognized, Petitioner is not physically detained in the custody of the United States—she asks the Court to find that she is so detained but has provided no evidence or legal argument in support of that prayer. *See* Doc. 5 at 2; Doc. 1, ¶ 53; Doc. 2, ¶ 28. Indeed, she admits she is presently wearing an ankle monitor, but offers no argument for how that might constitute physical confinement for the purposes of this Court's habeas jurisdiction. *See id.*

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he

typical remedy for such detention is, of course, release." *Munaf*, 553 U.S. at 693. Petitioner here has not shown how any U.S. official has the "power to produce" her. *See id.* at 686; *see generally* Doc. 1; Doc. 2. Indeed, she appears to be moving freely, albeit with an ankle monitor, until she reports for her flight as part of what the Government characters as her agreement to "voluntarily depart the United States." *See* Doc. 1, ¶¶ 32-34, 48-53; Doc. 5 at 3.

Rather, Petitioner seeks to delay her removal in order to await the outcome of her Form I-130 Petition for Alien Relative and Form I-485 Application to Adjust Status she submitted to USCIS (based on her immediate family member, Rachael's, U.S. citizenship) on March 30, 2026. *See* Doc. 1, ¶¶ 37-47. Where Petitioner concedes there is a valid order of removal against her—particularly where her order contemplates removal within hours of this Order—this Court does not have jurisdiction to review these claims. *See* 8 U.S.C. § 1252(g); *see also* Doc. 1, ¶ 50; Doc. 5 at 3.

Because Petitioner is not in custody for the purposes of her habeas petition and because the Court has no authority or ability to "release" her from her present circumstances, her Petition must be dismissed based on the present allegations. *See, e.g., Munaf*, 553 U.S. at 686, 693.

## IV.    Conclusion

Accordingly, it is **ORDERED** that Petitioner's Petition for Writ of Habeas

Corpus is hereby **DENIED** without prejudice and her Emergency Motion for Temporary Restraining Order is hereby **DENIED as moot.**

**If Petitioner has not filed a renewed Petition by May 1, 2026, the Clerk is directed to close the case.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 7, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party